WILLIAM S. ARMSTRONG, PROSECUTOR, v. BOARD OF COMMISSIONERS OF THE CITY OF TRENTON, DEFENDANT.

Argued March 22, 1948—Decided June 28, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *William A. Moore* and *Martin P. Devlin, Jr.*

For the defendant, City of Trenton, *John Henry Reiners, Jr.* (*John S. Brieger* and *Peter P. Walsh, Jr.*, of counsel).

The opinion of the court was delivered by

COLIE, J. This writ of *certiorari* was allowed to review a provision in the specifications for street paving in the City of Trenton. The clause reads:

"Any contractor who shall bid on any work within the City of Trenton or any work outside of the City in which the City is interested jointly with the State, County or any Township thereof, and who is not equipped at the time of bidding with an asphalt mixing plant meeting the requirements herein specified, and located and assembled ready for use within the corporate limits of the City, shall file with his bid a statement setting forth the type, make and capacity of the plant which he proposes to use in the work for which he submits a bid, giving the present location of said plant, the present owner's name and a statement from said owner in the form of an affidavit confirming the statements made by the Contractor in regard to said plant and stating explicitly that arrangements have been made whereby the particular plant referred to by the Contractor will be available for his use on the work for which he submits a bid, and located and assembled within the City of Trenton in sufficient time to carry out the requirements of the contract."

This specification is stated to be arbitrary, discriminatory and stifling to competition. The brief on behalf of Trenton states the question for decision to be "whether or not it is reasonable for a municipal governing body to include in its specifications for hot sheet asphalt paving a provision that a bidder to qualify must either have a permanent or portable paving plant located within the City limits, or else have one

owned by another within the City limits available for his use in the performance of his contract with the City." On the oral argument, counsel for the prosecutor agreed that the quoted statement fairly presented the question for decision.

The matter is not new to this court. In *Kingston Bituminous Products Co.* v. *Trenton,* 134 *N. J. L.* 389, Mr. Justice Donges discharged a rule to show cause why *certiorari* should not issue on the ground that the depositions failed to disclose the amount of the prosecutor's bid or that it was lower than that of the successful bidder. As the court pointed out, the standing of the prosecutor as an unsuccessful bidder rested upon his right to have his bid accepted and in the absence of proof thereof, the prosecutor had no standing. The failure of the Kingston Bituminous Products Company to establish its standing was the *ratio decidendi* of the decision and the validity of the specification was not in issue.

In considering the validity of the specification under attack, we start from the premise that the governing body of the municipality has a considerable breadth of discretion in framing specifications to govern work to be performed for the municipality. *Ryan* v. *Paterson,* 66 *N. J. L.* 533. One limitation upon such discretion is that the specification must be reasonable. *Oakley* v. *Atlantic City,* 63 *Id.* 127; *McGonnell* v. *Orange,* 98 *Id.* 642. The municipality says that "the sole purpose in adopting this provision was to limit the haul of hot sheet asphalt from the paving plant to the construction site * * *. This limitation of the haul, * * * produced a finished street that was more durable; that had lower maintenance cost; and which was produced in a minimum period of time." There is no question but that the "sole purpose," in the judgment of the municipality, is in the interests of the taxpayer, but the means that the governing body adopted to accomplish that purpose are faulty. The test is the reasonableness of the specification and reasonableness is to be determined by the actual effect, not by the intended effect that existed in the minds of the framers. To illustrate, we cite a hypothetical situation in which the city advertises for bids on a paving job. A contractor whose plant is located one mile outside of the city limits and who is the

low bidder on a job located within two miles of his plant, is confronted with the bid of another contractor whose plant is located within the city limits but whose bid is higher and whose plant is further from the site of the work. Under the specification as written, the municipality would have to award the contract to the higher of the two bidders because his bid was the only one that met the requirement of a plant located within the municipality. The result would be the exclusion of a lower bid to the detriment of the taxpayer. The requirement that the site of the bidder's plant be within the city limits is unreasonable because the mere fact of location of the plant on one side or the other of the geographical boundary is not a true test, since it bears no relation to the purpose that the governing body sought to accomplish.

The specification under review is set aside, with costs.